THE STATE vs. A NEGRO MAN, (PETER,) THE PROPERTY OF N. L. STURGES.

*Indictment, Murder.—Verdict, Guilty.   Certiorari.*

1. A waiver of the irregularity of the proceedings, before an inferior tribunal, is no consent to dispense with the proof of those proceedings.

2. In all trials of Slaves, for Capital offences, it is necessary that the preliminary proceedings, before the Magistrates, should appear on the face of the Indictment, either by way of recital, or allegation, and must be proved before the Jury.

3. Whether the facts of a case make it murder, or voluntary manslaughter, being a question for the consideration of the Jury, the Court will not, except in a clear case, interfere.

4. That a Jury have dispersed, is not, of itself, a sufficient ground for a new trial.

In this case, the above stated writ was granted to examine this case, upon three grounds :

First :  The Justices of the Inferior Court have no original jurisdiction over offences committed by slaves—that such jurisdiction is given to them by the several statutes of this State, and that by said statutes, (which must be strictly pursued,) the Justices of the Peace have original jurisdiction of all offences committed by slaves ; and that said Justices must first examine into the nature of the offence, and if, upon such examination, it shall appear, that the same will effect the life of the accused—it then becomes their duty to turn over said accused to the Justices of the Inferior Court, to proceed as the Law directs : and that, on the above stated trial, there was no evidence offered to the Jury, of such preliminary hearing before the Justices. And, therefore, the verdict, in this case, is without the authority of Law.

Secondly :  That the offence, as made out by the evidence, did not constitute the crime of murder—but only amounted to voluntary manslaughter, and therefore said verdict is contrary to evidence,

[The State vs. Negro Man, Peter.]

Thirdly : That a portion of the Jury, after being sworn, separated from their fellow Jurors, for a short time, unattended by a bailiff. And, upon all of these grounds, this Court is moved for a new trial.

The Justices of the Inferior Court, having made a return in answer to this *certiorari*, and furnished this Court with the substance of the evidence given in before the Court and Jury ; and upon an examination of that return, in relation to the first ground taken for a new trial, the Court finds the following to be the *facts* :—That on the day the Court met for said trial, and when the State was called on to announce whether it was ready for trial, the counsel found that there were some irregularity in the proceedings before the Justices, and that the State could not be ready for trial, unless such irregularity was waived by prisoner's counsel ; which was accordingly done, and the trial was then adjourned until the next day—when, on the meeting of the Court the next day, the Jury was selected, and the trial proceeded—and witnesses were sworn on both sides, in relation to the offence, as charged. But no evidence, whatever, was offered in relation to the preliminary hearing before the Justices, and of their having turned the the case over to the Inferior Court.

The first question to be decided by this Court is, whether the consent made by the counsel, the day before the trial took place, amounted to a waiver of introducing *such evidence* before the Jury. This Court decides, that the agreement went *no further*, than to a waiver of its irregularity, and did not dispense with the proof of such proceedings before the Justices.

The next question, then, which presents itself on the first ground taken for a new trial, is, whether it is necessary, in all trials before the Inferior Court, of slaves, for a capital offence, that the preliminary proceedings, had before the Justices, should be set out, in substance, in the Indictment, and be proved on the trial before the Jury. This Court decides, that, as the Justices of the Inferior Court have no other jurisdiction of offences committed by slaves, except the same is given to them by the order and decision of the Justices of the Peace, who are first to examine into the nature of the charge— this Court decides, that such proceedings before the Justices, must be set forth, in substance, in the Indictment, and must be proved before

the Jury : and this Court holds, that it is sufficiently set forth in this Indictment ; nor is it material, whether it be alleged by way of recital of the proceedings, or by a positive averment of such proceedings : so that the same appear in the Indictment, it is sufficient—and that such averment is matter of substance, and must be proven before the Jury. And this Court further decides, that, in order to give the Inferior Court jurisdiction of a capital offence against a slave, two facts must be established :—First, that the offence was committed in the County ; and, Secondly, that the defendant has been brought before a Court of Magistrates, and his case examined : and that the Justices have decided, that the offence is of a capital nature, and turned the prisoner over to the Inferior Court for trial.

In this case, there having been no such evidence before the Inferior Court, upon this trial, the said verdict is without authority of Law, and must be set aside—and a new trial awarded before the Justices of the Inferior Court, as the Law directs, at such time as they may direct.

Upon the second ground taken, whether the offence amounted to murder, or voluntary manslaughter, this Court will not undertake to say, as that was a question for the Jury—and (unless in a very clear case) this Court would not undertake to disturb the verdict of a Jury. But, as the decision of this Court is invoked, upon that provision of our penal code, which declares, that there must be an assault, by the party killed, upon the person killing, before the offence can be manslaughter—this Court decides, that, from reading the whole section, as to manslaughter, it evidently did not intend to confine it to an assault, alone, as it speaks of an assault *or provocation given.* In this case, as in all others, the Court ought to charge the Jury, that they are bound to take into consideration, the provocation given ; and give the provocation due weight, in their determining whether the offence be murder, or manslaughter.

The third ground having been decided by this Court, in the case of the *State* vs. *Wm. Fox,* the counsel for prisoner abandoned it : It is, therefore, overruled.

It is ordered, that the Clerk of this Court, inform the Justices of

[The State vs. Negro Man, Peter.]

the Inferior Court, or a majority of them, that this Court has ordered a new trial : that they do proceed to draw a Jury, on the first Monday in March next, for a new trial of the prisoner, *Peter*, and there proceed according to Law ; and that, with said case, he certify, and send to said Justices, this decision.

JOHN SHLY, Judge
*Superior Courts, Middle District, Georgia.*